kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAY ANTHONY MILES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-4071-JAR |
| ) | |
| **CITY OF TOPEKA, and SHAWNEE BOARD** ) | |
| **OF COUNTY COMMISSIONERS, KANSAS,** ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Ray Anthony Miles' pro se Motion to Change Court (Doc. 6). Plaintiff brings this action alleging that defendants City of Topeka and Shawnee Board of County Commissioners, Kansas violated his "civil and state right (sic) (all of them)." Plaintiff's motion states in its entirety: "I Ray Miles want to have my case move (sic) to another court in another state because I don't trust any of the people in this state or any of the judges in this state." The Court construes plaintiff's motion as one to change venue or alternatively, for recusal. The Court will address both standards below. In either event, plaintiff's motion lacks merit and is denied.

Under 28 U.S.C. § 1404, " [f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under the statute, the district court has broad discretion in deciding whether to transfer a case.[1] A case-by-case analysis is employed when determining the

---

[1] *Menefee v. Zepick*, No. 09-2127, 2009 WL 1313236, at * 1 (D. Kan. May 12, 2009).

validity of a motion to transfer.[2] The party seeking transfer is saddled with the burden of demonstrating that the existing forum is inconvenient.[3] Plaintiff has not met his burden under the statute; in fact, plaintiff has given no reason on which the Court could grant the motion. Thus, plaintiff's motion to prosecute his claim in another state based on his mere recital that he does not trust any one in this state is not enough to justify change of venue.

Because plaintiff is pro se, the Court liberally construes his request and will analyze plaintiff's claim under 28 U.S.C. § 455. That statute requires a "[a]ny justice, judge, or magistrate judge of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute is intended to avoid even the appearance of partiality.[4] "Thus, recusal is warranted when there is the appearance of bias, regardless of whether there is actual bias."[5] "A judge has a duty to recuse herself if she 'concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality.'"[6]

There are no facts before the Court that could reasonably lead to the ultimate conclusion that there is even an appearance of impartiality. Plaintiff has not set forth any reason justifying recusal, other than to say that he does not trust any judge in this state. Additionally, because the Court has taken no action regarding this case except this order, there is no basis to question the

---

[2]*Id.*

[3]*Benson v. Hawker Beechcraft Corp.*, No. 07-2171, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[4]*Strope v. Pettis*, No. 03-3383, 2004 WL 2011455, at *1 (D. Kan. Aug. 19, 2004).

[5]*Id.*

[6]*United States v. Cooper*, 283 F. Supp. 2d 1215, 1223 (D. Kan. 2003)(quoting *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir.1993)).

Court's partiality. Accordingly, plaintiff's motion is denied.

IT IS THEREFORE ORDERED THAT plaintiff's Motion to Change Court (Doc. 6) is denied.

IT IS SO ORDERED.

Dated:  June 2, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE